■ DIOCESE OF BUFFALO, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 39672.) — Judgment unanimously modified on the law and facts in accordance with the Memorandum and as modified affirmed, without costs of this appeal to any party. Certain findings of fact disapproved and reversed and new findings made. Memorandum: The basic figures and method of evaluation used in [above] case, decided herewith, are also applicable to this case (contrary to the findings of the trial court), except that the unsold graves at time of taking, the acres available for graves and the economic life of the cemetery must be reduced to reflect the sales of graves in the two-year interval which elapsed between the taking in that case and this, and to reflect the decrease in available area which resulted from the prior appropriation. These sales of 460 graves for two years and prior taking of 938 graves reduced the available acres to 12.71 and the economic life of the cemetery was shortened 6 years, making an Inwood factor of 15.900 (reflecting a 6% return per annum for 55 years) applicable. Taking these adjustments into consideration, by the application of the formula set forth in companion case of Diocese of Buffalo v. State of New York (23 A D 2d 958) decided herewith, we compute the present value of the .652 acre appropriated in 1960, as of the date of taking, to be $10,752. The award of $5,000 as consequential damages should not be disturbed. (Appeal from judgment of Court of Claims in favor of claimant on a claim for damages for permanent appropriation of cemetery land.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDGAR J. DEWEY, Appellant.— Judgment unanaimously reversed on the law and facts and a new trial granted. Memorandum: This matter will have to be returned to the trial court, in any event, for a determination of the voluntariness of the alleged confessions and admissions in accordance with the procedures established in People v. Huntley (15 N Y 2d 72). However, serious errors in the exclusion of testimony proffered by the defendant require reversal of the judgment and a new trial. The People produced expert testimony which, among other things, concerned certain bullet holes, the trajectories and directions of the flights of bullets, and the contention that the fatal bullet entered the slain police officer's body through his anterior chest wall, all based on scientific and modern crime investigation and reconstruction. When the defendant offered similar types of testimony through a well-qualified expert, the court rejected such proof. This was serious error, because if the proof proposed by the defendant had established that the bullet entered the police officer's body posteriorly, that alone could have been highly influential in defendant's favor. (Appeal from judgment of Monroe County Court convicting defendant of murder, first degree.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.